IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shawn Freemore,                           :
                          Petitioner      :
                                          :
            v.                            :   No. 489 M.D. 2019
                                          :   Submitted: January 10, 2020
Department of Corrections,                ;
                          Respondent      :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                           FILED: May 6, 2020

        Before this Court are the preliminary objections in the nature of a demurrer filed by the Pennsylvania Department of Corrections (Department) to a petition for review filed *pro se* by Shawn Freemore in this Court's original jurisdiction. For the reasons that follow, we sustain the Department's preliminary objections and dismiss Freemore's petition for review.

        At the time he filed the subject petition for review, Freemore was incarcerated at the State Correctional Institution (SCI) at Houtzdale. The petition avers that the Department created a security processing center (Center) to check mail and publications "for drugs," which is operated without direction from a Department policy or procedure. Petition ¶1. Certain publications expected by Freemore were delayed "by weeks and months, or mysteriously never [] delivered." Petition ¶2. Freemore asserts that the Department's failure to have a policy to govern the Center is a violation of his rights guaranteed under the First Amendment to the United States

Constitution,[1] his due process rights, and "the laws of this Commonwealth requiring the [Department] to have policy backed by law." Petition ¶9. Freemore contends that the Center's operation is not rationally connected to a legitimate government interest because drugs are not "entering the prison through publications coming directly from the publishers." Petition ¶12. A "ready alternative," according to Freemore, is to let each SCI facility process mail, as it did before the Center was created. Petition ¶15.

Freemore claims that he has exhausted the administrative remedies available through the Department. He requests this Court to order the Department to "cease and desist use of the [Center] and return to previous operational procedures of sending publications directly to the SCI facility" or create a policy "to include concrete and prompt timeframes" for processing publications at the Center. Petition ¶17.

The Department filed preliminary objections seeking a dismissal of Freemore's petition on the basis of legal insufficiency of the pleading (demurrer).[2] The Department asserts that the petition did not aver how the loss or delay of publications infringed upon Freemore's constitutional rights. The Department asserts that it is not required to develop a written policy on the Center's operations. Even so, a policy does not create enforceable rights.

In ruling on preliminary objections, we accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from the averments. *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth.

---

[1] It states in pertinent part: "Congress shall make no law … abridging the freedom of speech, or of the press…." U.S. CONST. amend. I.

[2] Pennsylvania Rule of Civil Procedure No. 1028(a)(4) provides that "[p]reliminary objections may be filed by any party to any pleading and are limited to the following grounds: … legal insufficiency of a pleading (demurrer)[.]" PA. R.C.P. NO. 1028(a)(4).

1994). The Court, however, is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review. *Id*. We may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on the claim, and we must resolve any doubt in favor of the petitioner. *Id.* "We review preliminary objections in the nature of a demurrer under the above guidelines and may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted." *Armstrong County Memorial Hospital v. Department of Public Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013).

In determining whether the petition states a constitutional claim, we look first to see whether the inmate has alleged an infringement of a constitutional right. *Brown v. Pennsylvania Department of Corrections*, 932 A.2d 316, 318 (Pa. Cmwlth. 2007). If so, we then determine whether that infringement "rises to the level of a constitutional violation, given the specialized standard of review applied to prison regulations and practices." *Id*.

An inmate "retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Smith v. Beard*, 26 A.3d 551, 557 (Pa. Cmwlth. 2011) (quoting *Turner v. Safley*, 482 U.S. 78, 84-85 (1987)). We are mindful that courts "must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most

3

appropriate means to accomplish them." *Smith*, 26 A.3d at 557 (quoting *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003)).

The Department has promulgated a regulation on inmate correspondence. It provides, in pertinent part, as follows:

> (g) Incoming Publications.
>
> > (1) A publication review committee consisting of staff designated by and reporting to the facility manager or a designee shall determine whether an inmate may receive a publication.
> >
> > (2) Publications shall be received directly from a publisher, bookstore, book club, distributor or department store. Newspapers shall be mailed directly from the publisher.
> >
> > (3) Publications may not be received by an inmate if they:
> >
> > > (i) Contain information regarding the manufacture of explosives, incendiaries, weapons, escape devices, poisons, drugs or intoxicating beverages or other contraband.
> > >
> > > (ii) Advocate, assist or are evidence of criminal activity, inmate misconduct, violence, insurrection or guerrilla warfare against the government.
> > >
> > > (iii) Threaten the security of a facility.
> > >
> > > (iv) Contain nudity, obscene material or explicit sexual materials as defined in subsection (i).

4

      (v) Constitute a bulk mailing specifically intended for the purpose of advertising or selling merchandise.

37 Pa. Code §93.2(g). The Department's regulation does not guarantee inmates free access to publications; rather, a publication review committee determines whether an inmate may receive a publication. 37 Pa. Code §93.2(g)(1).

Given the factual averments in Freemore's petition, we agree with the Department that they do not state a constitutional claim. The petition avers that Freemore's publications have been delayed and at times not delivered after the Department began to process publications at the Center. However, the petition does not identify the specific types of publications that the Department did not deliver to Freemore. Certain publications listed in 37 Pa. Code §93.2(g)(3) may not be accessible to an inmate. Freemore's petition does not allege that the Department, in processing the incoming publications at the Center, has failed to follow its regulations or that the regulations have violated Freemore's constitutional rights.

We conclude that the petition does not assert specific facts that would raise a legally sufficient constitutional or statutory claim. As such, we sustain the Department's preliminary objections to the petition.

                               _____

                               Mary Hannah Leavitt, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shawn Freemore,                      :
                    Petitioner       :
                                     :
        v.                           :    No. 489 M.D. 2019
                                     :
Department of Corrections,           :
                    Respondent       :

# **O R D E R**

AND NOW, this 6th day of May, 2020, it is ordered that the preliminary objections in the nature of a demurrer, filed by the Pennsylvania Department of Corrections in the above-captioned matter, are hereby SUSTAINED and Petitioner Shawn Freemore's petition for review is DISMISSED WITH PREJUDICE.

_____
Mary Hannah Leavitt, President Judge